**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL GERALD MARTIN,<br><br>Defendant. | Case No. 08-cr-00122-BLF-1<br><br>**ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S §2255 MOTION AS TIME-BARRED; AND DISMISSING §2255 MOTION**<br><br>[Re: ECF 74, 84] |

Defendant Paul Gerald Martin pled guilty in 2008 to one count of violating 18 U.S.C. § 2252(a)(4)(B), which prohibits possession of visual depictions of minors engaging in sexually explicit conduct. In 2010, he was sentenced to a 48-month term of imprisonment followed by a 10-year term of supervised release. Now, 7 years after entry of judgment and 3 years after release from prison, he moves to vacate his sentence under 28 U.S.C. § 2255.

The Government moves to dismiss Martin's § 2255 motion as time-barred under the applicable one-year statute of limitations. For the reasons discussed below, the Government's motion is GRANTED and the § 2255 motion is DISMISSED.

**I.  BACKGROUND**

In February 2008, the Government filed a one-count information charging Martin with possession of visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). Information, ECF 1. Martin waived indictment and on June 9, 2008, he entered a guilty plea pursuant to a written plea agreement. Minute Entry, ECF 19. At the Change of Plea Hearing, then-assigned Judge James Ware observed that Martin had agreed to cooperate with the Government and that the Government had discretion to bring motion asking the court to take that cooperation into account at sentencing. COP Hrg. Tr. 8:21-9:4. Judge Ware advised Martin that the court was not bound to follow any sentencing recommendation the Government

might make based on Martin's future cooperation. *Id.* 9:4-9. At the parties' request, Judge Ware set sentencing for six months after the Change of Plea Hearing to give Martin time to cooperate. *Id.* 12:24-13:23.

After granting four stipulated requests to continue sentencing, Judge Ware ultimately sentenced Martin on March 1, 2010. *See* Stipulations and Orders, ECF 22, 24, 26, 29; Minute Entry, ECF 35. At the start of the sentencing hearing, Judge Ware observed that the Government had not made a motion for downward departure. Sentencing Hrg. Tr. 3:20-22, ECF 39. Martin's attorney explained that there had been some logistical issues with Martin's cooperation, but that Martin was attempting to cooperate with the Government and that the defense had hoped the sentencing could be continued for that reason. *Id.* 3:23-5:4, ECF 39. Judge Ware indicated that he would proceed with sentencing and heard from defense counsel, government counsel, Probation, and Martin himself. *Id.* 6:8-28:7. Judge Ware imposed a 48-month term of imprisonment and a 10-year term of supervised release, a sentence which was significantly more lenient than the 120-month statutory maximum recommended by Probation and more severe than the minimal custodial sentence suggested by Martin's counsel. *Id.* 32:17-33:8. Judgment was entered on March 5, 2010. Judgment, ECF 37.

Martin served his term of imprisonment and commenced his term of supervised release on December 6, 2013. *See* Form 12 filed 9/23/2015, ECF 41. On September 23, 2015, the Probation Office filed a Petition for Summons for Offender under Supervision, stating that there was probable cause to believe that Martin had violated standard and special conditions of supervision, including a condition requiring monitoring of his computers and other devices with internet capability. *Id.* The Probation Office subsequently filed several Amended Petitions for Summons, indicating that Martin had violated additional conditions of supervision. *See* Form 12 filed 11/25/2015, ECF 48; Form 12 filed 7/19/2016, ECF 53; Form 12 filed 10/13/2016, ECF 63. Among other things, the Probation Office reported that a forensic review of Martin's iPad revealed chats discussing a 12-13 year old boy masturbating; access to web pages such as primejailbait.com; searches for content such as "Prettiest Girls Who Look 11-12" and photos of dead children; and photos of nude children. *See* Form 12 filed 10/13/2016, ECF 63. During the

period in which the Amended Petitions for Summons were filed, the case was reassigned to the undersigned judge. Order Reassigning Case, ECF 52.

On December 20, 2016, this Court held a Revocation of Supervised Release Hearing. Criminal Minutes, ECF 70. The Court revoked and reinstated Martin's supervised release, sentencing him to not less than 90 days and not more than 180 days in a Residential Re-Entry Center, to be followed by 9 years of supervised release. *Id.*; Judgment, ECF 71. The judgment on the revocation was filed on January 3, 2017. Judgment, ECF 71. Martin thereafter requested a status conference for the purpose of clarifying whether computers he uses for investment banking are subject to monitoring. *See* Form 12 filed 7/17/2017, ECF 88. The Court held a status conference on February 21, 2017, at which time it clarified that any computer Martin uses is subject to monitoring. *Id.* The following month, on March 24, 2017, Martin filed the pending § 2255 motion. § 2255 Motion, ECF 74. He asserts thirteen grounds for relief:

(1) "Defense Attorney Shepard Kopp was under suspension by the State Bar Association of California during the time he was lead counsel on Martin's case.";

(2) "Paul Martin did not receive adequate legal counsel leading up to the plea hearing.";

(3) "The defense lawyers refused to examine evidence on Martin's computer" and "Defense counsel exhibited gross indifference in the Martin case.";

(4) "The government's discovery document is incoherent.";

(5) "Martin did not appeal the guilty verdict nor file a claim of ineffective assistance of counsel in 2008, 2009 or 2010 due to his ongoing cooperation with the United States government and AUSA Hanley Chew's promise of a 5K1.1 downward departure.";

(6) "Martin was coerced into accepting a guilty plea.";

(7) "The government's draft PSR is factually incorrect.";

(8) "Shepard Kopp never provided the probation department evidence of Martin's Ischemic stroke suffered in May 2009. Probation therefore did not include information regarding the strokes in the PSR.";

(9) "Shepard Kopp quit the Geragos firm on December 31, 2009; Mark Geragos failed to prepare an adequate Sentencing Memorandum.";

3

(10) "At the sentencing hearing Judge James Ware did not properly enumerate nor discuss probation department recommendations for conditions of supervised release.";

(11) "Attorney Mark Geragos did not object to any of the court mandated standard conditions and special conditions; Mark Geragos did not object to the ten year term of supervised release.";

(12) "AUSA Hanley Chew was obligated to bring a Rule 35 motion to court after promising to do so but did not honor his commitment.";

(13) "Attorney Mark Geragos refused to file Motion For Threshold Hearing regarding AUSA Hanley Chew's refusal to honor his promise of bringing Motion For Downward Departure (5K1.1/Rule 35)."

The Government moves to dismiss the § 2255 motion as untimely. Mot. to Dismiss, ECF 84. The briefing on the motion to dismiss was completed on November 13, 2017, and it includes: the Government's Motion to Dismiss (ECF 84), Martin's Opposition (ECF 90), Martin's Supplement to Opposition (ECF 91), the Government's Response to Defendant's Opposition ("reply") (ECF 93), and Martin's Opposition to Government's Response ("sur-reply") (ECF 96).[1]

In the midst of the parties' briefing on the Government's motion to dismiss, the Probation Office filed a Report on Offender Under Supervision and a Petition for Summons for Offender Under Supervision, both stating that there was probable cause to believe that Martin had committed new violations of the terms of supervised release by, among other things, failing to appear for scheduled sex offender treatment, failing to register as a sex offender, and failing to appear for a polygraph. Form 12 filed 7/17/2017, ECF 88; Form 12 filed 11/9/17, ECF 94. A Revocation of Supervised Release Hearing is set for January 23, 2018.

## II. DISCUSSION

The Government contends that Martin's § 2255 motion is time-barred because it was filed long after the applicable one-year statute of limitations expired. Martin argues that his § 2255 motion is timely under the doctrine of equitable tolling.

---

[1] Although Martin neither sought nor was granted leave to file a supplement to opposition or a sur-reply, the Court has considered them in the exercise of its discretion.

4

**A. Statute of Limitations**

"Under 28 U.S.C. § 2255(f), there is a one-year period of limitation to file a collateral attack on a federal conviction that runs from the latest of four events." *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015). Those four events are:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"In most circumstances, the statute of limitations under § 2255 begins to run on 'the date on which the judgment of conviction becomes final.'" *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (quoting 28 U.S.C. § 2255). Martin does not suggest that a different date applies here.

In its motion to dismiss, the Government anticipates that Martin may assert statutory tolling under § 2255(f)(4), under which the one-year limitations period does not begin to run until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). In particular, the Government anticipates that Martin may argue that statutory tolling applies to Ground 1, which appears to be a claim of ineffective assistance of counsel based on an allegation that Martin's defense attorney, Shepard Kopp, was suspended by the California State Bar during the time that he represented Martin. *See* § 2255 Motion at 13, ECF 74.[2] Martin claims that he first became aware of the suspension in June 2016, which is less than one year before he filed his § 2255 motion. However, Martin does not raise statutory tolling in opposition to the Government's motion to dismiss; he

---

[2] Because Martin has not numbered the pages of his § 2255 motion, the Court refers to the page numbers which appear in the ECF header on the document.

5

asserts only equitable tolling, which is discussed in section II.B., below. Even had Martin asserted statutory tolling, the Court would have rejected that assertion because Mr. Kopp's suspension was a matter of public record and could have been discovered by Martin through the exercise of due diligence more than a year before he filed his § 2255 motion. A simple query on the California State Bar website would have revealed the suspension. *See* http://members.calbar.ca.gov/fal/Member/Detail/174612 (accessed November 29, 2017).

The Court therefore concludes that the one-year limitations period began to run on the date that Martin's judgment of conviction became final, as set forth in § 2255(f)(1). "[I]f the movant does not pursue a direct appeal to the Court of Appeals, the conviction becomes final when the time for filing a direct appeal expires." *Gilbert*, 807 F.3d at 1199. Where, as here, the government does not appeal, a criminal defendant's notice of appeal "must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A). Martin was sentenced on March 1, 2010, and judgment was entered on March 5, 2010. Minute Entry, ECF 35; Judgment, ECF 37. Martin's time to file a direct appeal therefore expired at latest on March 19, 2010, 14 days after entry of judgment. Absent tolling, then, the one-year limitations period for filing a § 2255 motion expired on March 19, 2011. Martin filed his § 2255 motion almost exactly six years later, on March 24, 2017.

### B. Doctrine of Equitable Tolling

Martin argues that his § 2255 motion nonetheless is timely under the doctrine of equitable tolling. "A § 2255 movant is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) (internal quotation marks and citations omitted). The movant must show a "causal link" between the extraordinary circumstances and the untimeliness of his § 2255 motion. *Id.* at 890. A § 2255 movant "is entitled to an evidentiary hearing if he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" *United States v. Garcia,* 573 Fed. App'x 639, 640 (9th Cir. 2014) (quoting *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003)). However, where the movant "has not shown circumstances under which he would be entitled to equitable tolling," no

6

hearing is required. *United States v. Fisher*, No. 11-17065, 2013 WL 2136678, at *1 (9th Cir. 2013).

Martin argues that he is entitled to equitable tolling because he cooperated with the Government in good faith and he has been waiting more than 7 years for Assistant United States Attorney ("AUSA") Hanley Chew to fulfill his end of the bargain by filing a motion for sentence reduction. Martin alleges in his § 2255 motion that "[i]n 2008, 2009 and 2010 AUSA Hanley Chew repeatedly promised to bring a Rule 35 motion to court if and when Martin worked out a deal with the FBI." § 2255 Motion at 27, ECF 74. Rule 35 provides that the Government may move the district court for a sentence reduction on behalf of a defendant who, after sentencing, provides substantial assistance in investigating or prosecuting another person. Fed. R. Crim. P. 35(b). Martin claims that he created and pitched to the Federal Bureau of Investigation ("FBI") a "Cooperation Plan" which would help FBI agents investigate and gain access to Russian, Eastern European, and Asian criminals, and that the FBI found his proposal to be "very compelling." § 2255 Motion at 26, 32. According to Martin, FBI agents visited him in prison in August 2010 to discuss his participation in an undercover operation related to the Cooperation Plan. *Id.* at 25. Martin asserts that the FBI subsequently approved the undercover operation in October 2010, but the operation required that Martin be released from prison early. *Id.* at 25-26. In December 2010, Martin's attorney was informed that the FBI had asked AUSA Chew to facilitate Martin's early release by filing a Rule 35 motion in the district court, but that AUSA Chew had refused to file a Rule 35 motion. *Id.* at 26-27. As a result, Martin alleges, "[b]y March 2011, due to AUSA Hanley Chew's intransigence, the FBI terminated any further effort to effect Martin's release." *Id.* at 27.

In his opposition to the Government's motion, Martin expands on the allegations of his § 2255 motion, stating that "AUSA Hanley Chew's posture in early 2011 was that only after a specific individual was apprehended and prosecuted by the U.S. government, as a result of Martin's Cooperation Plan, would a Rule 35 motion be brought to court on his behalf." Opposition at 8, ECF 90. Martin apparently had no further communications with AUSA Chew or the FBI after early 2011. He nonetheless asserts that he held off on filing a § 2255 motion for

7

another six years because he hoped that AUSA Chew would file a Rule 35 motion for a reduction of sentence if and when his Cooperation Plan bore fruit, and he did not want to jeopardize AUSA Chew's goodwill. Opposition at 10-12, ECF 90. Martin also asserts that he did not want to disrupt the FBI's operations by filing a § 2255 motion. *Id.* However, Martin states, he now has decided to exercise his right to file a § 2255 motion. *Id.*

No evidentiary hearing is necessary to resolve the Government's motion to dismiss, because Martin's allegations, even if true, would not entitle him to equitable tolling. Martin's § 2255 motion and briefing make clear that he *chose* not to file a § 2255 motion because he believed that doing so might anger AUSA Chew or the FBI and thereby impair his chances at a reduction in sentence. Setting aside the implausibility of Martin's claim that he waited *six years* after his last communication with AUSA Chew and *three years* after his release from prison before finally giving up the ghost, neither AUSA Chew's refusal to file a Rule 35 motion nor Martin's hope that AUSA Chew eventually would change his mind constitutes an "extraordinary circumstance" justifying equitable tolling. Equitable tolling is available only where the movant can show that the alleged extraordinary circumstance made it impossible to file a timely motion. *See Gilbert*, 807 F.3d at 1202 ("Equitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the *cause* of [the prisoner's] untimeliness.") (internal quotation marks and citation omitted). Martin has alleged no facts showing that it was impossible for him to file a § 2255 motion within the one-year limitations period or, indeed, at any time during the six years following its expiration.

Martin's reliance on *Chung v. United States Dep't of Justice*, 333 F.3d 273 (D.C. Cir. 2003), is misplaced. In that case a civil plaintiff, Chung, appealed a judgment dismissing as time-barred his complaint against the Department of Justice and its officials for violation of the Privacy Act and of his constitutional rights. 333 F.3d at 274. Chung had filed his complaint two months after expiration of the statute of limitations governing his Privacy Act claim. *Id.* at 275. The question on appeal was whether the statute of limitations could be equitably tolled while Chung, against whom criminal charges were pending, was cooperating with prosecutors in an effort to obtain a reduced sentence. *Id.* Chung argued to the appellate court that he could not have brought

suit against the Department of Justice during the limitations period without jeopardizing his request for leniency. *Id.* The Circuit Court concluded that a Privacy Act claim is sufficiently similar to the traditional tort claim for invasion of privacy that the rebuttable presumption in favor of equitable tolling applicable to invasion of privacy claims would apply to the Privacy Act claim. *Id.* at 277. The Circuit Court concluded further that the presumption in favor of equitable tolling had not been rebutted, and that Chung's fear of jeopardizing his request for leniency may or may not have constituted a sufficient basis to toll the statute of limitations period for two months. *Id.* at 278-79. The Circuit Court reversed and remanded to the district court for determination of the latter issue. *Id.* at 280.

*Chung* is both legally and factually distinguishable from the current case. Unlike Chung, who was entitled to a presumption in favor of equitable tolling, Martin must overcome "a very high threshold" to show that extraordinary circumstances made it impossible for him to file his § 2255 motion within the one-year limitations period. *See Gilbert*, 807 F.3d at 1202. Moreover, while Chung missed the filing deadline by only two months, Martin missed the deadline to file a § 2255 motion by more than six years. Consequently, *Chung* does not advance Martin's position.

The Government argues that Martin's assertion of equitable tolling is wholly without merit to the extent that he claims he was still hoping for a Rule 35 motion after his release from prison. Without citation to authority, the Government asserts that "any promise to bring a Rule 35 motion would have been moot once the defendant was released from BOP custody on or about December 6, 2013. Reply at 5, ECF 93. Rule 35(b) authorizes a court to reduce both custodial and supervised release portions of a sentence. *United States v. Doe*, 810 F.3d 132, 143 (3d Cir. 2015) (Rule 35(b) authorizes reduction of custodial and non-custodial aspects of sentence); *United States v. Spallone*, 399 F.3d 415, 424 (2d Cir. 2005) ("Rule 35(b) authorizes a district court to reduce any aspect of a defendant's sentence, including supervised release terms and orders of restitution not mandated by statute."); *United States v. Ruiz*, No. 07-00301 HG-01, 2013 WL 3760649, at *2 (D. Hawaii July 16, 2013) (reducing term of supervised release from 5 years to 2 years under Rule 35(b)). Thus Martin's release from prison did not moot AUSA Chew's alleged promise to file a Rule 35 motion, because such motion could have been directed at Martin's ten-year term of

9

supervised release. However, as discussed above, Chew's alleged promise to bring a Rule 35 motion if Martin's Cooperation Plan bore fruit does not entitle Martin to equitable tolling.

Because Martin's § 2255 motion is time-barred on its face, and his allegations would not entitle him to equitable tolling even if true, the Government's motion to dismiss the § 2255 motion is GRANTED.

### C. Certificate of Appealability

A movant may appeal a district court's dismissal of a § 2255 motion only after obtaining a certificate of appealability from the district court or the circuit court. 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under this standard, the Court concludes that Martin is not entitled to a certificate of appealability. No reasonable jurist would find debatable the untimeliness of Martin's § 2255 motion filed on March 24, 2017.

## III. ORDER

For the foregoing reasons:

(1) The Government's motion to dismiss is GRANTED;

(2) Martin's § 2255 motion is DISMISSED as time-barred; and

(3) The Court DECLINES to issue a certificate of appealability.

Dated: December 1, 2017

_____
BETH LABSON FREEMAN
United States District Judge